IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANDRA GONZÁLEZ JAVIER and CECILIA JAVIER PÉREZ<br><br>**Plaintiffs**<br><br>v.<br><br>MAYAGUEZ MEDICAL CENTER DR. RAMÓN EMETERIO BETANCES, INC., ET ALS<br><br>**Defendants** | CIVIL NO. 10-1946 (JAG)<br><br>MEDICAL MALPRACTICE;<br><br>TRIAL BY JURY DEMANDED |

**MOTION TO SET ASIDE ENTRY OF DEFAULT**

TO THE HONORABLE COURT:

Come now co-defendants, **MAYAGUEZ MEDICAL CENTER DR. RAMÓN EMETERIO BETANCES, INC., CONTINENTAL INSURANCE COMPANY and SISTEMAS INTEGRADOS DE SALUD DEL SUROESTE ("SISSO"),** and through its undersigned attorneys, respectfully allege and pray as follows:

1. On December 30, 2010, plaintiffs amended the complaint to include SISSO as co-defendant in this case (See Docket #15). This Honorable Court issued summons on January 3, 2011 (See Docket #16). On January 13, 2011 the summons were executed on SISSO (See Docket #17). On March 20, 2011 plaintiffs filed a Motion for Entry of Default against SISSO (See Docket #38) and on March 21, 2011 the Clerk of the Court entered

the default against SISSO. The appearing co-defendants understand that there is good cause to set aside the entry of default.

    2.    Rule 55 (c) of Federal Rules of Civil Procedure states that "[f]or good cause shown the court may set aside an entry of default[...]." The standard "for good cause" is a liberal one and "the relevant factors are whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." (Internal quotations omitted). **United States v. $23,000 in United States Currency**, 356 F.3d 157, 164 (1st Cir. 2004).

    3.    First, the appearing co-defendants did not knowingly attempt to fail to plead or otherwise defend from the allegations contained in the complaint. The delay of SISSO in appearing to the case was due to a confusion about the appearing co-defendant's insurance carrier.  It was on March 24, 2011 that the subscribed attorney was informed that there is an endorsement on behalf of SISSO on the insurance agreement subscribed between Continental Insurance Company and Mayaguez Medical Center Dr. Ramón Emeterio Betances, Inc.  The appearing party understands that one week delay in filing the answer to complaint will cause no harm or prejudice to the plaintiffs.

    4.    Second, setting aside the default will not prejudice plaintiffs.  A review of the civil docket for this case shows that the case is still in its very early stages and that some co-defendants have not answered the complaint since they are still covered by the extension of time to do so granted by this Honorable Court. Furthermore, the fact that there are several co-defendants that have not defaulted deletes the effect that the entry of default against the appearing co-defendant may have in the outcome of this case. See

Wright, Miller and Kane, **Federal Practice and Procedure: Civil**, 3d § 2690, page 75. ("[A] plaintiff who prevails on liability against nondefaulting defendants is entitled to a judgement against both the defaulting and the nondefaulting parties. On the other hand, if the action is dismissed, it should be dismissed as to the defaulting party as well as the remaining defendants.").

5.   Finally, the appearing co-defendants understand that they have a meritorious defense and have never harassed or annoyed plaintiffs and their conduct was not oppressive or abusive. Therefore, not setting aside the default would be devastating to the appearing co-defendants in comparison with the no effect it will have for plaintiffs since the appearing parties will not be allowed to obtain the evidence that will corroborate their defense.

6.   In order not to cause more delays to the proceedings, on this date and attached to this motion, the appearing co-defendant SISSO tenders its Answer to Amended Complaint with the pleading that this Honorable Court accepts the same.

WHEREFORE, pursuant to Rule 55 (c) of Federal Rules of Civil Procedure, the appearing parties request to this Honorable Court to set aside the default entered against SISSO and to accept the Answer to Complaint, which is tendered attached to this motion.

RESPECTFULLY SUBMITTED.

I CERTIFY: That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record.

In San Juan, Puerto Rico, this 25th day of March 2011.

          **DE CORRAL & DE MIER**
          130 ELEANOR ROOSEVELT
          SAN JUAN, PR 00918-3105
          TEL. (787)758-0644
          FAX: (787)758-0687
          nalomar@dcdmlaw.com

          s/ Nanette Alomar Camacho
          **NANETTE ALOMAR CAMACHO**
          USDC-PR No. 214810