**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **SANDRA PÉREZ JAVIER and CECILIA JAVIER PÉREZ**<br><br>    **Plaintiffs**<br><br>    **v.**<br><br>**MAYAGUEZ MEDICAL CENTER DR. RAMÓN EMETERIO BETANCES, INC., ET ALS**<br><br>    **Defendants** | **CIVIL NO. 10-1946 (JAG)**<br><br>**MEDICAL MALPRACTICE;**<br><br>**TRIAL BY JURY DEMANDED** |

**ANSWER TO AMENDED COMPLAINT**

TO THE HONORABLE COURT:

Come now co-defendants, **MAYAGUEZ MEDICAL CENTER DR. RAMÓN EMETERIO BETANCES, INC., CONTINENTAL INSURANCE COMPANY and SISTEMAS INTEGRADOS DE SALUD DEL SUROESTE ("SISSO"),** and through its undersigned attorneys, respectfully allege and pray:

**JURISDICTIONAL BASIS AND VENUE**

1.    The averments contained in paragraph number one of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted, they are denied.

2.    The averments contained in paragraph number two of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted, they are denied.

3.     The averments contained in paragraph number three of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted, they are denied.

4.     The averments contained in paragraph number one of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted, they are denied.  It is specifically denied all the medical malpractice allegations.

## THE PARTIES

5.     The averments contained in paragraph number five of the Amended Complaint are denied for lack of information.

6.     The averments contained in paragraph number six of the Amended Complaint are denied for lack of information.

7.     The averments contained in paragraph number seven of the Amended Complaint are denied.  It is alleged that the corporation that administered Mayaguez Medical Center Dr. Ramón Emeterio Betances at the time of the facts alleged in the Amended Complaint was Sistemas Integrados de Salud del Suroeste ("SISSO").

8.     The averments contained in paragraph number eight of the Amended Complaint are admitted.

9.     From the averments contained in paragraph number nine of the Amended Complaint it is only admitted that SISSO was the corporation who administered Mayagüez Medical Center at the time Mrs. Benita Javier received treatment in said facility.

10.    The averments contained in paragraph number ten of the Amended Complaint do not require  a responsive pleading.  However, insofar a response may be warranted, they are denied for lack of information.

2

11.     The averments contained in paragraph number eleven of the Amended Complaint are denied.  It is affirmatively alleged that SISSO is no longer in business.

12.     From the averments contained in paragraph number twelve of the Amended Complaint it is only admitted that Dr. Roberto Torres Aguiar is a medical doctor.  The rest of the averments are denied for lack of information.

13.     From the averments contained in paragraph number thirteen of the Amended Complaint it is only admitted that Dra. Gloria Ponce Tua is a medical doctor. The rest of the averments are denied for lack of information.

14.     The averments contained in paragraph number fourteen of the Amended Complaint are denied for lack of information.

15.     The averments contained in paragraph number fifteen of the Amended Complaint are denied for lack of information.

16.     From the averments contained in paragraph number seventeen of the Amended Complaint it is admitted that Continental Insurance Company is the insurance company that issued a Medical Malpractice Policy on behalf of Mayaguez Medical Center. It is affirmatively alleged that said insurance policy is subject to its own clauses, limits, conditions, exclusions and terms.

17.     The averments contained in paragraph number seventeen of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted they are denied for lack of information.

18.     The averments contained in paragraph number eighteen of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted they are denied for lack of information.

19.     The averments contained in paragraph nineteen of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted they are denied for lack of information.

## GENERAL ALLEGATIONS

20.     From the averments contained in paragraph number twenty of the Amended Complaint it is only admitted that on October 3, 2009 patient Benita Javier Pérez, a 68 years old woman, arrived at the Emergency Room of the Centro Médico Dr. Ramón Emeterio Betances complaining of chest pain and back pain.  The rest of the averments are denied.

21.     The averments contained in paragraph number twenty one of the Amended Complaint are admitted.

22.     From the averments contained in paragraph number twenty two of the Amended Complaint it is only admitted that Dr. Ponce Tua was one of the doctors who provided medical treatment to Mrs. Benita Javier.  The rest of the averments are denied for lack of information.

23.     From the averments contained in paragraph number twenty three of the Amended Complaint it is only admitted that Benita Javier Pérez underwent a catheterization on October 6, 2009, at approximately  11:00 a.m. at the Advance Radiology Center, which was administered by  Sistemas Integrados de Salud del Suroeste (SISSO).  The rest of the averments are denied.

24.     From the averments contained in paragraph number twenty four of the Amended Complaint it is only admitted that Dr. Torres Aguiar was one of the doctors who provided medical treatment to Mrs. Benita Javier.  The rest of the averments are denied for lack of information.

25.     The averments contained in paragraph number twenty five of the Amended Complaint are admitted.

26.     From the averments contained in paragraph number twenty six of the Amended Complaint it is admitted that once the catheterization was performed the patient was sent to the Recovery Room at 11:10 a.m. and at 11:35 was transferred to the Telemetry Ward for post-operative care, monitoring and close observation.

27.     The averments contained in paragraph number twenty seven of the Amended Complaint are denied for lack of information insomuch as an expert opinion is requested. It is affirmatively alleged that due to the fact that the patient was under close observation in the Telemetry Ward she was monitored continuously by cardiac monitors and by the nursing staff.

28.     The averments contained in paragraph number twenty eight of the Amended Complaint are denied.

29.     The averments contained in paragraph number twenty nine of the Amended Complaint are denied.  It is affirmatively alleged that Mrs. Benita Javier was being monitored closely.

30.     From averments contained in paragraphs number thirty of the Amended Complaint it is admitted that Benita was sent to the Telemetry Unit.  It is denied that she was placed in an unmonitored bed.  It is affirmatively alleged that Ms. Benita Javier was connected to a cardiac monitor and was under close observation by the nurses.

31.     The averments contained in paragraph number thirty one of the Amended Complaint are denied for lack of information.

32.     The averments contained in paragraph number thirty two of the Amended Complaint are denied.   It is expressly denied all malpractice allegations against the appearing co-defendants.

33.     The averments contained in paragraph number thirty three of the Amended Complaint are denied.   It is expressly denied all malpractice allegations against the appearing co-defendants.

34.     The averments contained in paragraph number thirty four of the Amended Amended Complaint are denied.

35.     The averments contained in paragraph number thirty five of the Amended Complaint are denied as stated.  It is admitted that Mrs. Benita Javier Perez' medical chart indicated that she was hypotensive and sweaty.

36.     The averments contained in paragraph number thirty six of the Amended Complaint are denied for lack of information.

37.     The averments contained in paragraph number thirty seven of the Amended Complaint are admitted.

38.     The averments contained in paragraph number thirty eight of the Amended Complaint are denied for lack of information.

39.     The averments contained in paragraph number thirty nine of the Amended Complaint are denied for lack of information.

40.     From the averments contained in paragraph number forty of the Amended Complaint it is only admitted that Mrs. Benita Javier was declared dead.  The rest of the averments are denied for lack of information.

41.     From the averments contained in paragraph number forty one of the Amended Complaint it is only admitted that Mrs. Benita Javier was declared dead. The rest of the averments are denied for lack of information.

42.     The averments contained in paragraph number forty two of the Amended Complaint are admitted.

43.     The averments contained in paragraph number forty three of the Amended Complaint are denied.  It is expressly denied all the allegations of medical malpractice against the appearing co-defendant.

### FIRST CAUSE OF ACTION AGAINST MAYAGUEZ MEDICAL CENTER REB INC.

44.     The answers to the averments contained in paragraphs number one through number forty three of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

45.     The averments contained in paragraph number forty five of the Amended Complaint are denied.  It is expressly denied all the allegations of medical malpractice against the Mayaguez Medical Center.

46.     The averments contained in paragraph number forty six of the Amended Complaint are denied.  It is expressly denied all the allegations of medical malpractice against the Mayaguez Medical Center.

47.     The averments contained in paragraph number forty seven of the Amended Amended Complaint are denied.  It is expressly denied all the allegations of medical malpractice against the Mayaguez Medical Center.

48.     The averments contained in paragraph number forty eight of the Amended Complaint do not require a responsive pleading inasmuch contain conclusions of law.  It is affirmatively alleged that the medical treatment provided to Mrs. Benita Javier at the

Mayaguez Medical Center satisfy the exigencies generally recognized by the medical nursing profession.  It is expressly denied all the allegations of medical malpractice against the Mayaguez Medical Center.

49.    The averments contained in paragraph number forty nine of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

50.    The averments contained in paragraph number fifty of the Amended Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

51.    The averments contained in paragraph number fifty one of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

52.    The averments contained in paragraph number fifty two of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

53.    The averments contained in paragraph number fifty three of the Amended Complaint are denied.  It is affirmately alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

54.     The averments contained in paragraph number fifty four of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

55.     The averments contained in paragraph number fifty five of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

56.     The averments contained in paragraph number fifty six of the Amended Complaint are denied.   It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

57.     The averments contained in paragraph number fifty seven of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

58.     The averments contained in paragraph number fifty eight of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

59.     The averments contained in paragraph number fifty nine of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

9

60.    The averments contained in paragraph number sixty of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

61.    The averments contained in paragraph number sixty one of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

62.    The averments contained in paragraph number sixty two of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

63.    The averments contained in paragraph number sixty three of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

64.    The averments contained in paragraph number sixty four of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

65.    The averments contained in paragraph number sixty five of the Amended Complaint are denied.  It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

10

66.     The averments contained in paragraph number sixty six of the Amended Complaint are denied.   It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

67.     The averments contained in paragraph number sixty seven of the Amended Complaint are denied.   It is affirmatively alleged that the Mayaguez Medical Center provided Mrs. Benita Javier the proper medical attention according with the acceptable health care as measured by the standards of the profession.

## SECOND CAUSE OF ACTION AGAINST
## CONTINENTAL INSURANCE COMPANY AND SIMED

68.     The answers to the averments contained in paragraphs number one through number sixty seven  of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

69.     The averments contained in paragraph number sixty nine of the Amended Complaint are admitted.   It is alleged that the insurance policy issued by Continental Insurance Company on behalf of the Mayaguez Medical Center is subject to its own terms, conditions, clauses, limits and exclusions.

70.     The averments contained in paragraph number seventy of the Amended Complaint do not require a responsive pleading.   However, insofar a response may be warranted are denied for lack of information.

71.     The averments contained in paragraph number seventy one of the Amended Complaint do not require a responsive pleading insomuch contain conclusions of law.   It is expressly denied all the negligence allegations against Mayaguez Medical Center and its insurance company.

11

72.      The averments contained in paragraph number seventy two of the Amended Complaint do not require a responsive pleading insomuch contain conclusions of law.  It is expressly denied all the negligence allegations against Mayaguez Medical Center and its insurance company.

73.      The averments contained in paragraph number seventy three of the Amended Complaint do not require a responsive pleading insomuch contain conclusions of law.  It is expressly denied all the negligence allegations against Mayaguez Medical Center and its insurance company.

## THIRD CAUSE OF ACTION AGAINST SISTEMAS INTEGRADOS DE SALUD DEL SUR OESTE, INC. (SISSO)

74.      The answers to the averments contained in paragraphs number one through number seventy three of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

75.      The averments contained in paragraph number seventy five of the Amended Complaint are admitted.

76.      The averments contained in paragraph number seventy six of the Amended Complaint are denied.  It is expressly denied all the medical malpractice allegations against SISSO.

77.      From the averments contained in paragraph number seventy seven of the Amended Complaint it is only admitted that at the time alleged in the Complaint SISSO paid and supplied part of the medical nursing clerical and administrative personnel at Mayaguez Medical Center.

78.     The averments contained in paragraph number seventy eight of the Amended Complaint are denied.  It is expressly denied all the medical malpractice allegations against SISSO.

79.     The averments contained in paragraph number seventy nine of the Amended Complaint do not require a responsive pleading inasmuch contain conclusions of law.  It is affirmatively alleged that the medical treatment provided to Mrs. Benita Javier at the Mayaguez Medical Center satisfy the exigencies generally recognized by the medical nursing profession.  It is expressly denied all the allegations of medical malpractice against SISSO.

80.     The averments contained in paragraph number eighty of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

81.     The averments contained in paragraph number eighty one of the Amended Complaint are denied.  It is expressly denied all the medical malpractice allegations against SISSO.

82.     The averments contained in paragraph number eighty two of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

83.     The averments contained in paragraph number eighty three of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

13

84.    The averments contained in paragraph number eighty four of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

85.    The averments contained in paragraph number eighty five of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

86.    The averments contained in paragraph number eighty six of the Amended Complaint are denied It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

87.    The averments contained in paragraph number eighty seven of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

88.    The averments contained in paragraph number eighty eight of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

89.    The averments contained in paragraph number eighty nine of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

90.     The averments contained in paragraph number ninety of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

91.     The averments contained in paragraph number ninety one of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

92.     The averments contained in paragraph number ninety two of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

93.     The averments contained in paragraph number ninety three of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

94.     The averments contained in paragraph number ninety four of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

95.     The averments contained in paragraph number ninety five of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

96.    The averments contained in paragraph number ninety six of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

97.    The averments contained in paragraph number ninety seven of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

98.    The averments contained in paragraph number ninety eight of the Amended Complaint are denied.  It is affirmatively alleged that SISSO provided Mrs. Benita Javier the proper medical attention with the acceptable health care as measured by the standards of the profession.

## FOURTH CAUSE OF ACTION AGAINST DR. TORRES AGUIAR

99.    The answers to the averments contained in paragraphs number one through number ninety eight of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

100.    The averments contained in paragraph number one hundred of the Amended Complaint do not require a responsive pleading.  However, insofar a response may be warranted are denied.

101.    The averments contained in paragraph number one hundred one of the Amended  Complaint do not require a responsive pleading.  However, insofar a response may be warranted are denied.

16

102.   The averments contained in paragraph number one hundred two of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

103.   The averments contained in paragraph number one hundred three of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

104.   The averments contained in paragraph number one hundred four of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

105.   The averments contained in paragraph number one hundred five of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

106.   The averments contained in paragraph number one hundred six of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

107.   The averments contained in paragraph number one hundred seven of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

108.   The averments contained in paragraph number one hundred eight of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

## FIFTH CAUSE OF ACTION AGAINST DRA. PONCE TUA

109.    The answers to the averments contained in paragraphs number one through number one hundred eight of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

110.    The averments contained in paragraph number one hundred ten of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

111.    The averments contained in paragraph number one hundred eleven of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

112.    The averments contained in paragraph number one hundred twelve of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

113.    The averments contained in paragraph number one hundred thirteen of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

114.    The averments contained in paragraph number one hundred fourteen of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

115.    The averments contained in paragraph number one hundred fifteen of the Amended Complaint do not require a responsive pleading. However, insofar a response may be warranted are denied.

116.    The averments contained in paragraph number one hundred sixteen of the Amended  Complaint do not require a responsive pleading.  However, insofar a response may be warranted are denied.

## SIXTH CAUSE OF ACTION
## AGAINST CONJUGAL PARTNERSHIP TORRES-DOE

117.    The answers to the averments contained in paragraphs number one through number one hundred sixteen of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

118.    The averments contained in paragraph number one hundred eighteen of the Amended  Complaint are denied for lack of information.

119.    The averments contained in paragraph number one hundred nineteen of the Amended  Complaint are denied for lack of information.  It is expressly denied all medical malpractice allegations.

120.    The averments contained in paragraph number one hundred twenty of the Amended  Complaint are denied for lack of information.  It is expressly denied all medical malpractice allegations.

## SEVENTH CAUSE OF ACTION AGAINST
## CONJUGAL PARTNERSHIP ROE-PONCE

121.    The answers to the averments contained in paragraphs number one through number one hundred twenty of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

122.    The averments contained in paragraph number one hundred twenty two of the Amended  Complaint are denied for lack of information.

19

123.    The averments contained in paragraph number one hundred twenty three of the Amended Complaint are denied for lack of information.  It is expressly denied all medical malpractice allegations.

124.    The averments contained in paragraph number one hundred nineteen of the Amended  Complaint are denied for lack of information.  It is expressly denied all medical malpractice allegations.

## DAMAGES

125.    The answers to the averments contained in paragraphs number one through number one hundred twenty four of the Answer to the Amended Complaint are incorporated herein by reference as if restated in full.

126.    The averments contained in paragraph number one hundred twenty six of the Amended  Complaint are denied.

127.    The averments contained in paragraph number one hundred twenty seven of the Amended  Complaint are denied.

128.    The averments contained in paragraph number one hundred twenty eight of the Amended  Complaint are denied.

129.    The averments contained in paragraph number one hundred twenty nine of the Amended  Complaint are denied.

130.    The averments contained in paragraph number one hundred thirty of the Amended  Complaint are denied.

131.    The averments contained in paragraph number one hundred thirty one of the Amended  Complaint are denied.

132.    The averments contained in paragraph number one hundred thirty two of the Amended  Complaint are denied.

133.    The averments contained in paragraph number one hundred thirty three of the Amended  Complaint are denied.

134.    The averments contained in paragraph number one hundred thirty four of the Amended  Complaint are denied.

135.    The averments contained in paragraph number one hundred thirty five of the Amended  Complaint are denied.

136.    The averments contained in paragraph number one hundred thirty six of the Amended  Complaint are denied.

## TRIAL BY JURY DEMANDED

137.    The averments contained in paragraph number one hundred thirty seven of the Amended  Complaint are denied.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a cause of action upon which relief can be granted against the appearing co-defendant.

2.    The allegations contained in the Amended Complaint against the appearing co-defendant are time-barred or the defense of laches can be applied thereto.

3.    The Mayaguez Medical Center complied with the standards of medical care required in Puerto Rico and always exercised the degree of care required by the best practice of medicine.

4.    At all times relevant to the instant Amended Complaint the Mayaguez Medical Center's personnel acted diligently, prudently, and reasonably and did not incur in negligent acts as those averred in the Amended Complaint.

5.      At all times relevant to the instant Amended Complaint, the medical treatment afforded by Mayaguez Medical Center was suited to the state of knowledge and science prevalent in medicine, satisfying all generally accepted exigencies by the medical profession for the kind of condition presented by Mrs. Benita Javier Pérez at the moment medical care was provided.

6.      The treatment afforded by Mayaguez Medical Center  to Mrs.Benita Javier Pérez is protected by a presumption of correctness to the effect that a reasonable standard of care was used and complied with, and that the medical treatment afforded was adequate, being plaintiffs' burden to contradict that presumption through the presentation of direct evidence of negligence and causality through expert witness testimony.

7.      At all times relevant to the Amended Complaint, regarding both diagnosis and treatment, the appearing party exhibited good professional judgment, reasonably accepted by the medical profession, so that any error in judgment or in treatment, if the same occurred, and, which is hereby denied, does not constitute a valid basis for an action in torts.

8.      Alternatively, it is hereby alleged that according to the prevailing law in Puerto Rico, the appearing party is afforded ample latitude at the moment of exercising its professional judgment regarding diagnosis and treatment, so that any honest and reasonable error in judgment based on a latent disagreement amongst medical authorities regarding diagnosis or treatment operates as a bar as to tortiotous liability.

9.      There is no causal nexus between the damages claimed by plaintiffs and the treatment afforded by Mayaguez Medical Center's personnel to Mrs. Benita Javier Pérez.

22

10.    The damages claimed by plaintiffs are exaggerated, speculative and do not bear proportion to the facts alleged in the Amended Complaint.

11.    The damages complained of, if true, are not consequence of the medical care and treatment given to Mrs. Benita Javier Pérez by Mayaguez Medical Center's personnel.

12.    If plaintiffs prevail in the instant case, the damages complained of are a consequence of the acts or omissions of other persons, for which the appearing party is not responsible, and should not behold liable.

13.    The doctrine of compared-contributory negligence is of application to the instant case.

14.    Plaintiffs have failed to mitigate damages.

15.    Plaintiffs' damages are preexistent and wholly unrelated with the medical care and treatment given by Mayaguez Medical Center's personnel to Mrs. Benita Javier Pérez.

16.    Defendants are not joint tortfeasors.

17.    The appearing party denies any allegations of the Amended Complaint that have not been expressly admitted.

18.    The insurance policy issued by Continental Insurance Company on behalf of the Mayaguez Medical Center is subject to its own terms, clauses, limits, conditions and exclusions.

19.    The appearing party reserves the right to amend this Answer to Amended Complaint and affirmative defenses once discovery proceedings have concluded.

WHEREFORE, it is respectfully requested that this Honorable Court dismiss the Amended Complaint with the imposition on plaintiffs of court costs, expenses and reasonable attorneys fees.

23

RESPECTFULLY SUBMITTED.

I CERTIFY:  That on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record.

In San Juan, Puerto Rico, this 25th  day of March 2011.

**DE CORRAL & DE MIER**
130 ELEANOR ROOSEVELT
SAN JUAN, PR 00918-3105
TEL. (787)758-0644
FAX: (787)758-0687
nalomar@dcdmlaw.com


s/ Nanette Alomar Camacho
**NANETTE ALOMAR CAMACHO**
USDC-PR No. 214810

eas